IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YVONNE BROMLEY,                    )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )   Civil Action No. 11-194-E
                                    )
MICHAEL J. ASTRUE,                  )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
            Defendant.              )

O R D E R

AND NOW, this 18th day of March, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's primary argument is that the Administrative Law Judge ("ALJ") erred in determining that she retained the Residual Functional Capacity ("RFC") to perform a limited range of sedentary work because he failed to evaluate properly the opinion evidence in the record. See Plaintiff's Brief in Support of Summary Judgment (Doc. No. 9 at 10). Specifically, Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because the ALJ: (1) gave significant weight to the opinion in Exhibit 12F without confirming that it was rendered by an "acceptable medical source," and (2) failed to assign proper weight to the opinion of Plaintiff's treating rheumatologist, Dr. Makarowski, who opined in Exhibit 16F that Plaintiff would be "unlikely to obtain gainful employment" as a result of her medical conditions and would likely be disabled for life. (Id. at 11). Plaintiff's contentions are without merit.

In his disability determination, the ALJ concluded that Plaintiff's severe impairments of fibromyalgia and thoracic compression fracture did not result in limitations that would preclude her from performing sedentary work so long as she had a sit-stand option and avoided any overhead reaching. (R. 19-22). In making his RFC finding, the ALJ discussed the relevant medical evidence, including the results of the objective examinations and findings which he found supported his determination that Plaintiff's severe impairments were not totally disabling, despite her subjective complaints to the contrary. (R. 22). Among other things, the ALJ noted the: (i) records which showed Plaintiff had a normal range of motion, (ii) relatively normal findings of her MRI's -- including the MRI done in March of 2009 after her car accident which showed that her compression fracture was mild -- and (iii) conservative treatment she had been receiving to cope with the allegedly disabling pain from her severe impairments. (R. 21-22). After his discussion of the medical examinations/findings and treatment records, the ALJ concluded that the "medical evidence discussed above shows that the claimant's allegations of disabling pain, fatigue, and lack of mobility . . . are inconsistent with

objective findings and subjective findings on examinations. The
claimant's testimony is not well supported by the medical evidence
of record." (Id. at 22). The ALJ then turned to the opinion evidence
and assigned "significant weight to the opinions in Exhibit 12F and
Exhibit 13F, and minimal weight to the opinion in Exhibit 16F" because
the opinions in Exhibits 12F and 13F were "consistent with the evidence
of record as a whole" and the opinion in Exhibit 16F was "not supported
by and [ ] not consistent with the evidence of record as a whole."
(Id.). The Court notes that Exhibit 12F reflects an opinion that
Plaintiff was able to sit for six-hours a day, occasionally use ramps
and climb stairs, and never climb ladders, ropes or scaffolds. (R.
301).

Plaintiff's contention that remand is warranted because the ALJ
gave significant weight to the opinion expressed in Exhibit 12F is
unavailing under these facts. Exhibit 12F represents a Physical
Residual Functional Capacity ("PRFC") form that Defendant concedes
was completed by a state agency disability adjudicator -- a
non-examining, non-medical source. See (Doc. No. 9 at 11; Doc. No.
11 at 14); see also Yorkus v. Astrue, 2011 WL 7400189, at *4, n.6 (E.D.
Pa. Feb. 28, 2011). Defendant contends that, even if the ALJ mistakenly
assigned weight to this non-medical opinion, remand is unnecessary
because (i) the ALJ conducted an independent review of all the relevant
medical evidence and (ii) "the state agency adjudicator's assessment
and the ALJ's ultimate finding were in accord with the medical evidence,
not at odds with it." (Doc. No. 11. at 16). The Court agrees with
Defendant and finds the rationale employed in Talamantes v. Astrue,
370 Fed. Appx. 955 (10th Cir. 2010), to be reasonable and persuasive.
In Talamantes, the United States Court of Appeals for the Tenth Circuit
was confronted with the same issue of whether remand was required when
an ALJ mistakenly assigns weight to an opinion contained in a PRFC
form that was completed solely by a state-agency adjudicator. 370 Fed.
Appx. at 958. In that case, the court held that this mistake
constituted harmless error because:

> [T]he ALJ reviewed both the medical record and the
> state-agency evaluator's RFC findings. She noted there are
> no other opinions from treating or examining physicians
> contained in the file which would indicate that the claimant
> is not capable of the restricted light-work assessment
> reached by the evaluator.... In reaching her RFC finding,
> the ALJ considered all symptoms and the extent to which these
> symptoms can reasonably be accepted as consistent with the
> objective medical evidence and other evidence.

3

Id. at 958 (internal quotation marks omitted); see also Bair v. Astrue, 2010 WL 3221792, at *1 (W.D. Pa. Aug. 13, 2010); Pollace v. Astrue, 2008 WL 370590, at *5-6 (E.D. Pa. Feb. 6, 2008); Jones v. Astrue, 2008 WL 1766964, at *10 (S.D. Ind. Apr. 14, 2008); Stewart v. Astrue, 2012 WL 1969318, at *6 (E.D. Pa. May 31, 2012).

Here, as in Talamantes, the ALJ independently reviewed the medical record as well as the adjudicator's RFC findings and found that the treating physician's opinion of disability was entitled to no more than minimal weight because it was inconsistent with and unsupported by the record as a whole. (R. 19-22). The Court notes that the ALJ did not address Exhibit 12F until after he had considered and discussed Plaintiff's treatment records and objective medical findings. (R. 22). After assigning this exhibit significant weight, the ALJ clarified that he found his "residual functional capacity assessment . . . [to be] supported by the objective findings in the medical evidence of record. The claimant's residual functional capacity is supported by the evidence of record as a whole." (R. 22). As Defendant correctly notes, the ALJ's independent determination of Plaintiff's RFC is evinced by the fact that he imposed additional limitations not identified by the disability adjudicator. See (Doc. No. 11 at 16). The ALJ's consideration of the adjudicator's opinion was part of his overall review of the relevant evidence in the case and the Court does not find that he was unduly reliant on it. The record demonstrates that the ALJ independently analyzed the evidence in arriving at his conclusion and the Court finds that the medical evidence relied upon by the ALJ in making his RFC finding constitutes substantial evidence that Plaintiff was able to perform a limited range of sedentary work. The fact that the ALJ ultimately agreed with the adjudicator's findings that Plaintiff could sit for six-hours does not warrant remand.

In making this finding, the Court notes that the record contains no evidence of any PRFC forms that were completed by a medical professional and rejected/given disproportionate weight by the ALJ. Indeed, as discussed below, Dr. Makarowski's opinion in Exhibit 16F was nothing more than a letter opining disability which, in addition to not being entitled to any special weight, did not contain any specific findings as to Plaintiff's functional limitations and her ability to sit for six-hours in an eight-hour day. See (R. 393); compare Dewey v. Astrue, 509 F.3d 447, 448-50 (8th Cir. 2007) (remand required where ALJ credited adjudicator's RFC findings over that of treating physicians' regarding claimant's ability to lift and walk). Since there were no actual conflicts between the adjudicator's RFC findings and Dr. Makarowski's opinion on the ultimate issue of disability, the Court finds that there was no violation of the medical-opinion regulations. See Talamantes, 370 Fed.Appx. at 959.

In any event, the Court notes that it is part of the ALJ's duty to consider relevant non-medical evidence as well as the medical evidence in making his RFC determination. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000). The Social Security Regulations state that the ALJ must consider all the relevant evidence of record in making his RFC determination, which would include the adjudicator's PRFC assessment. See 20 C.F.R. §§404.1545(a)(3), 416.945(a)(3). Thus, Exhibit 12F was entitled to consideration by the ALJ as another piece of relevant evidence material to his determination. The Court finds that the ALJ's RFC finding was based on all the relevant evidence of record -- medical and non-medical -- and was not predicated solely on the functional assessment of the disability adjudicator. The Court is satisfied that the ALJ's employed a *de novo* standard of review in making his determination and does not believe that his mistaken assignment of weight to Exhibit 12F requires remand -- it is unlikely that it would affect the outcome of the case since the ALJ's analysis in the first instance was focused heavily on Plaintiff's treatment history and objective examination findings. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (holding that "a remand is not required [ ] because it would not affect the outcome of the case"). Indeed, given that Plaintiff's complaints in March of 2009 centered on her inability to do "anything [where] you have to *use your muscles*," the Court is confident the ALJ would have found her capable of performing sedentary work in the absence of Exhibit 12F. See (R. 289) (emphasis added); Compare Dewey, 509 F.3d at 448-50. Accordingly, the Court finds that substantial evidence supports the ALJ's RFC finding.

As for Plaintiff's related argument that the ALJ failed to afford adequate weight to Dr. Makarowski's opinion, the Court finds that her contention misses the mark. It is well-established that a treating physician opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in the record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). However, a treating physician opinion on the ultimate issue of disability is not entitled to any "special significance" and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006); see also 20 C.F.R. § 404.1527(e); SSR 96-6p.

Here, the ALJ did not reject the treating physician opinion, but

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

gave it minimal weight because he found it to be inconsistent with and unsupported by the other evidence of record. (R. 22). He reached this conclusion after discussing the relevant treatment records which contained objective medical findings demonstrating relatively mild results and only conservative treatment despite allegations of disabling pain. The ALJ explained his basis for not giving the opinion in Exhibit 16F more weight and he was required to do no more. Contrary to Plaintiff's contention, the ALJ was not required to re-contact Dr. Makarowski in order to obtain additional evidence as there is no indication that the record contained insufficient evidence for him to make his disability determination. Thus, based on its review, the Court finds that the ALJ's RFC finding and his ultimate determination of non-disability enjoy the support of substantial record evidence.